***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Cramer and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award. Furthermore, plaintiff's motions to add evidence to the record do not meet the standard for new evidence pursuant to Rule 60 of the North Carolina Rules of Civil Procedure and plaintiff has not shown excusable neglect. Therefore, plaintiff's motions are hereby denied. Regardless, the affirmation of the prior Opinion and Award renders plaintiff's motions moot.
 ***********
The Full Commission finds as fact and concludes as matters of law, the following, which were entered into in a Pre-Trial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the North Carolina Workers' Compensation Act.
2. An employment relationship existed between plaintiff and defendant-employer on April 6, 1999, the date of the alleged injury by accident.
3. Plaintiff's average weekly wage was $670.00.
4. The parties submitted medical records, which were attached to the Pre-trial Agreement, from the following providers: (a) James D. Kindl, M.D., (b) Robert E. "Butch" Cassidy, M.D., and (c) Rehabilitation Services of Danville.
 ***********
Based upon the evidence of record and the findings of fact found by the Deputy Commissioner, the Full Commission finds as follows:
 FINDINGS OF FACT
1. Plaintiff was born on February 16, 1959. He completed high school and received training in electrical work while in service in the Marine Corps. Plaintiff has worked as an electrician for 22 years and he began working for defendant-employer in September 1998.
2. Part of an electrician's normal job is to "pull wire" through a conduit. This is done both with installation and removals. If the wire is to be discarded, then it can be cut, but if it is to be saved, then it needs to be pulled out and greater care must be taken. An electrician may be in an awkward position from time to time, depending on the job.
3. On April 6, 1999, plaintiff was working for defendant-employer on a job site. He was involved in removing an electrical line that was to be installed elsewhere. In order to do this, plaintiff needed to pull the wire through the conduit. He had another employee assisting him. Plaintiff was on a lift and was reaching up and across his body. As plaintiff pulled the wire, he felt a pop and pain in his right shoulder.
4. Plaintiff reported his injury to a supervisor and was told to see a physician. Plaintiff initially came under the care of Dr. James Kindl, and later was seen by Dr. Robert Cassidy. An MRI and x-rays were obtained and on May 9, 1999, Dr. Cassidy assessed plaintiff with a rotator cuff strain/sprain with tendonitis/bursitis. When conservative treatment failed to bring relief, plaintiff eventually underwent surgery on his right shoulder.
5. The evidence fails to show that plaintiff's right shoulder injury was caused by an accident arising out of and in the course of his employment with defendant-employer. While plaintiff indicated that he was in an awkward position, his testimony is equivocal regarding the unusualness of the incident. The greater weight of the evidence including his testimony demonstrates that there was no interruption of his regular work routine, as pulling wire sometimes in awkward positions was a normal part of plaintiff's job routine. Significantly, plaintiff had been working as an electrician pulling wire for 22 years. Moreover, there was nothing unusual in what plaintiff was required to do in removing the wire on April 6, 1999.
 ***********
Based on the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSION OF LAW
Plaintiff has failed to prove by the greater weight of the evidence, that he sustained an interruption of his normal work routine resulting in an injury by accident arising out of and in the course of his employment with the defendant-employer on April 6, 1999. N.C.G.S. § 97-2(6).
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission adopts and affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Under the law, plaintiff's claim must be and is hereby Denied.
2. Each side shall pay their own costs.
This the _____ day of November 2001.
 S/_____________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/_____________________________ BUCK LATTIMORE CHAIRMAN
S/_____________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER